IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD LEE ELLIS, | § | |
| TDCJ-CID NO. 1328644, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-08-2474 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Floyd Lee Ellis, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody with Supporting Memorandum ("Supp. Memo.") under 28 U.S.C. § 2254 challenging his state court conviction (Docket Entry No. 1). See 28 U.S.C. § 2254 (2000). Also pending before the court are (1) Ellis' Motion for Evidentiary Hearing (Docket Entry No. 15) and (2) Respondent Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 16).[1] For the reasons discussed below, the court will grant Quarterman's motion for summary judgment and deny Ellis' petition for a writ of habeas corpus and his motion for an evidentiary hearing.

---

[1]Ellis also filed a Reply to Respondent's Answer of Writ of Habeas Corpus Motion for Summary Judgment (Docket Entry No. 17).

## I.  <u>Procedural History and Claims</u>

The State of Texas indicted Ellis for Driving While Intoxicated ("DWI")—[3rd or more], enhanced by two prior felony convictions, on December 16, 2004.[2] <u>Ex parte Ellis</u>, No. WR-07,618-07, at 108 (Tex. Crim. App. April 30, 2008). Ellis pleaded not guilty. <u>Id.</u> at 2. On September 13, 2005, a jury found Ellis guilty and sentenced him to sixty years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). <u>Id.</u> at 109.

Ellis appealed, and on March 7, 2007, his conviction was affirmed in an unpublished opinion by the Tenth Court of Appeals of Texas. <u>Ellis v. State</u>, No. 10-05-00422-CR, 2007 WL 686510, at *2 (Tex. App. -- Waco March 7, 2007, pet. ref'd). Ellis then filed a Petition for Discretionary Review ("PDR") on May 8, 2007, which the Texas Court of Criminal Appeals ("TCCA") refused on August 22, 2007. <u>Ellis v. State</u>, No. PD-0579-07 (Tex. Crim. App. Aug. 22, 2007).

On January 10, 2008, Ellis filed a state habeas corpus petition challenging this conviction.[3] <u>Ex parte Ellis</u>, No. WR-

_____

[2]This indictment alleged that Ellis was convicted of one DWI on December 12, 1986, and another DWI on August 4, 1995. <u>Ex parte Ellis</u>, No. WR-07,618-07, at 108. The indictment further alleged that Ellis was convicted of Theft from a Person, a felony, on September 14, 1982, and Possession of a Controlled Substance, a felony, on June 14, 1989. <u>Id.</u>

[3]Ellis previously filed a state habeas application challenging his conviction on September 14, 2007. <u>Ex parte Ellis</u>, No. WR-
                                                      (continued...)

07,618-07, at 1.   The TCCA denied Ellis' state habeas petition without written order on the findings of the trial court on April 30, 2008.  Id. at cover.

Ellis filed the instant petition for a writ of habeas corpus on August 6, 2008 (Docket Entry No. 1 at 9).[4]  The court understands his petition to assert the following grounds for relief:

1.   The trial court erred in denying Ellis' objection to the state's improper use of a peremptory strike against the African American venire-member, Melba Wilson;

2.   The appellate court erred in considering the state's race-neutral justification for striking venire-member Wilson that was not presented at trial;

3.   Ellis was denied effective assistance of counsel at trial because counsel:

    (a)   failed to inform Ellis of the prosecutor's intention to call a witness against him and failed to communicate with him;

    (b)   failed to thoroughly cross-examine a prosecution witness;

    (c)   failed to request a jury instruction regarding public intoxication;

---

[3](...continued)
7,618-06, at 1.   The TCCA dismissed this petition on October 24, 2007, because a direct appeal was pending.  Ex parte Ellis, No. WR-7,618-06, at cover (Tex. Crim. App. Oct. 24, 2007).

[4]"[T]he habeas corpus petition of a pro se prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing."   Spotville v. Cain, 149 F.3d 374, 375 (5th Cir. 1998).   Ellis declares that he placed his petition in the prison mailing system on August 6, 2008 (Docket Entry No. 1 at 9). Therefore, the court considers this petition filed on that date.

-3-

(d)   failed to request a hearing on the admissi-
bility of certain evidence;

(e)   failed to provide assistance in preparing and
pursuing a motion for new trial;

(f)   failed to properly present the case to the
jury or fully develop a defensive theory;

(g)   failed to object to an erroneous jury instruc-
tion regarding Ellis' refusal to submit to a
breath test; and

4.   Ellis was denied effective assistance of counsel on
appeal because counsel:

(a)   failed to challenge the sufficiency of the
evidence; and

(b)   failed to raise trial counsel's ineffective-
ness with respect to a motion for new trial.

(Docket Entry No. 1 at 7-8b; Supp. Memo. at 1-18)

Quarterman has filed a Motion for Summary Judgment (Docket
Entry No. 16), to which Ellis has filed a reply (Docket Entry
No. 17).   Quarterman contends that the court should dismiss Ellis'
petition with prejudice because his claims are contradicted by the
record and are without merit.   <u>Id.</u>

## II.   <u>Standard of Review</u>

### A.   Summary Judgment

A court grants summary judgment when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled
to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).

-4-

Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  Fed. R. Civ. P. 56(c).  When considering a summary judgment motion the court generally resolves any doubts and draws any inferences as to disputed facts in favor of the nonmoving party.  Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999).  In a habeas corpus proceeding, however, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct."  This statute overrides the ordinary summary judgement rule.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004).  Therefore, the court will accept findings of fact made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. Id.

**B.    The Antiterrorism and Effective Death Penalty Act**

Ellis filed his federal petition for a writ of habeas corpus on August 6, 2008.  Ellis' petition is therefore subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to those habeas corpus cases filed after its effective date of April 24, 1996.  See 28 U.S.C. § 2254; Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

The provisions of § 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." Lindh, 117 S. Ct. at 2066 n.7.  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The § 2254(d) test is applied only to claims that have been "adjudicated on the merits in state court." Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000).  "The term 'adjudication on the merits,' refers to whether the state court reached a conclusion as to the substantive matter of a claim, as opposed to disposing of the matter for procedural reasons." Valdez v. Cockrell, 274 F.3d 941, 950 (5th Cir. 2001) (citing Neal v.

-6-

Puckett, 239 F.3d 683, 686-87 (5th Cir. 2001)).  A "denial" of a
state habeas application signifies that the Texas Court of Criminal
Appeals addressed and rejected the merits of a particular claim.
Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).
"[P]ure questions of law and mixed questions of law and fact are
reviewed under § 2254(d)(1), and questions of fact are reviewed
under § 2254(d)(2)."  Martin v. Cain, 246 F.3d 471, 475-476 (5th
Cir. 2001) (quoting Corwin v. Johnson, 150 F.3d 467, 471 (5th Cir.
1998)).

A state court's legal determination is contrary to the
established precedent of the Supreme Court only when "the state
court decides a case differently than the Supreme Court has on a
set of materially indistinguishable facts."  Chambers v. Johnson,
218 F.3d 360, 363 (5th Cir. 2000) (quoting Williams v. Taylor, 120
S. Ct. 1495, 1523 (2000)).  A writ of habeas corpus will issue
based on an unreasonable application of federal law only if the
state court "identifies the correct governing legal principle . . .
but unreasonably applies that principle to the facts of the
prisoner's case."  Williams, 120 S. Ct. at 1523.

A federal habeas court must presume the underlying factual
determinations of the state court to be correct unless the
petitioner "rebut[s] the presumption of correctness by clear and
convincing evidence."  28 U.S.C. § 2254(e)(1); see also Miller-El
v. Cockrell, 123 S. Ct. 1029, 1042 (2003).  "The presumption of
correctness not only applies to explicit findings of fact, but it

-7-

also applies to those unarticulated findings which are necessary to
the state court's conclusions of mixed law and fact." Valdez v.
Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001); see also Young v.
Dretke, 356 F.3d 616, 629 (5th Cir. 2004) ("As a federal habeas
court, we are bound by the state habeas court's factual findings,
both implicit and explicit."); Goodwin v. Johnson, 132 F.3d 162,
183-84 (5th Cir. 1997) (findings of fact can be implied from
explicit conclusions of law).  Under 28 U.S.C. § 2254(d)(2) "a
decision adjudicated on the merits in a state court and based on a
factual determination will not be overturned on factual grounds
unless objectively unreasonable in light of the evidence presented
in the state-court proceeding[.]" Miller-El, 123 S. Ct. at 1041.

### III. **Analysis**

**A. Claims (1) and (2) -- Batson Claims**

Ellis alleges that the trial court erred in denying his
objection to the state's improper use of a peremptory strike
against African American venire-member, Melba Wilson (Docket Entry
No. 1 at 7; Supp. Memo. at 1-3).  He also contends that the
appellate court erred in considering the state's race-neutral
justification argued on appeal because it was not presented at
trial.  Id.

Under Batson v. Kentucky, 106 S. Ct. 1712 (1986), the
prosecution violates the equal protection clause when it strikes
potential jurors solely on the basis of race.  A court addresses
Batson claims under a three-step, burden-shifting scheme:

-8-

> First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Although the prosecutor must present a comprehensible reason, the second step of this process does not demand an explanation that is persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices. Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. This final step involves evaluating the persuasiveness of the justification proffered by the prosecutor, but the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.

Rice v. Collins, 126 S. Ct. 969, 973-74 (2006) (quotations and citations omitted); see also Johnson v. California, 125 S. Ct. 2410, 2416 (2005); Miller-El v. Dretke, 125 S. Ct. 2317, 2331-32 (2005).

A federal court may only grant habeas relief for a Batson claim "if it was unreasonable to credit the prosecutor's race-neutral explanations for the Batson challenge." Rice, 126 S. Ct. at 974. "In Batson, [the Supreme Court] explained that the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal." Hernandez v. New York, 111 S. Ct. 1859, 1868 (1991). A state court's fact findings are presumed to be correct unless Ellis rebuts them with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El, 125 S. Ct. at 2325.

Ellis' attorney objected to the prosecutor's use of a peremptory challenge to strike Ms. Wilson. (2 R.R. 104) He argued

that the state had struck the remaining two African-American venire-members after one was struck for cause.  Id.  Assuming, arguendo, that Ellis made a prima facie showing that the prosecution made a peremptory strike on the basis of race, satisfying the first step of the Batson analysis, under the second step the prosecution was required to present a race-neutral reason for the strike.  The state did provide a race-neutral explanation. See 2 R.R. 104-06.

The record shows that during the Batson hearing, the state gave the following race-neutral reason for striking Wilson:

> PROSECUTOR: Judge, on Ms. Wilson . . . [she] had personal aspects of family members who were alcoholics and caused a lot of different problems in the families.  We feel [she] would identify with the victim . . . [w]e have [also] struck people who have had personal experience with alcohol . . . .

(2 R.R. 104-06) (emphasis added)  Ms. Wilson stated during voir dire that she had a family member with an alcohol problem and that she'd had a personal problem with alcohol in the past. (2 R.R. 81) Furthermore, the state struck the only other three venire-members who admitted to having a personal experience with alcohol. (2 R.R. 104-06)  These three other members were of a different race than Ms. Wilson.  See id.  Based on this explanation, the trial court denied Ellis' Batson challenge with regard to Wilson, thereby implicitly crediting the prosecutor's race-neutral reason and finding that he did not act with discriminatory intent.  Ellis' assertion that the appellate court improperly considered that argument is therefore incorrect.

-10-

The state prosecutor presented a race-neutral explanation for striking Ms. Wilson at the <u>Batson</u> hearing.  <u>Id.</u>  Therefore, giving deference to the state court's findings of fact, which Ellis has offered no evidence to rebut, this court concludes that it was not unreasonable of the state court to deny Ellis' <u>Batson</u> claim.  28 U.S.C. § 2254(e)(1); <u>Hernandez</u>, 111 S. Ct. at 1868.  Accordingly, these claims will be denied.

**B.   Claim (3) -- Ineffective Assistance of Trial Counsel**

The court understands Ellis' petition to assert that his trial counsel provided ineffective assistance because counsel (a) failed to inform Ellis of the prosecutor's intention to call a witness against him and failed to communicate with him; (b) failed to thoroughly cross-examine a prosecution witness; (c) failed to request a jury instruction regarding public intoxication; (d) failed to request a hearing on the admissibility of certain evidence; (e) failed to provide assistance during a critical stage of the proceedings, namely preparing and pursuing a motion for new trial; (f) failed to properly present the case to the jury or fully develop a defensive theory; and (g) failed to object to an erroneous jury instruction regarding Ellis' refusal to submit to a breath test (Docket Entry No. 1 at 7-8b; Supp. Memo. at 1-18).

A petitioner asserting ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense.

Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).  The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 104 S. Ct. at 2064.  Counsel's representation must have been objectively unreasonable.  Id. Reasonableness is measured against prevailing professional norms and must be viewed under the totality of the circumstances as they existed at the time.  Id. at 2065.  The court's review of counsel's performance is extremely deferential; the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.   Under the second prong the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992).  Where there is overwhelming evidence of guilt the court is not likely to find, absent very compelling evidence, that there is a reasonable probability that but for the attorney's deficient performance the outcome would have been different.  See, e.g., Sayre v. Anderson, 228 F.3d 631, 635 (5th Cir. 2001); Moawad v. Anderson, 143 F.3d 942, 946 (5th Cir. 1998).  The defendant must "affirmatively prove prejudice."  Even if his attorney made unreasonable errors, the defendant must show that these errors had an actual  adverse effect on the defense. Strickland, 104 S. Ct. at 2067.  Conclusory or speculative

-12-

statements do not raise a constitutional issue in a habeas case. See Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982) (holding conclusory statements to be insufficient to raise constitutional issues in habeas cases); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1992) (same); Bradford v. Whitely, 953 F.2d 1008, 1012 (5th Cir. 1992) (holding that mere speculation is insufficient to satisfy the second prong of Strickland).

The petitioner has the burden of proof on an ineffective assistance of counsel claim. Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir. 1985). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S. Ct. at 2069.

1.  3(a) & 3(b) -- Failure to Inform and Communicate and Failure to Thoroughly Cross-Examine a Prosecution Witness

Ellis asserts that his counsel failed to inform him of the prosecutor's intention to call William McDaniel as a witness against him, failed to communicate with him, and failed to thoroughly cross-examine McDaniel (Docket Entry No. 1 at 7-8; Supp. Memo. at 5-7). Specifically, Ellis asserts that had counsel communicated with him about the likelihood of McDaniel's testimony, he would have testified and contested the credibility of the witness. Id. Further, Ellis contends that counsel should have more thoroughly cross-examined McDaniel, specifically inquiring into McDaniel's knowledge of Ellis' back injury. Id. Had counsel

-13-

done these things, Ellis claims the result of the trial would have been different (Docket Entry No. 17 at 9).

Trial counsel submitted an affidavit in Ellis' state habeas proceeding in which he addressed this claim.  Ex parte Ellis, No. WR-07,618-07, at 121.  Counsel stated that he discussed the probable cause statement,[5] which identified McDaniel and his involvement in the case, with Ellis on at least ten occasions.  Id. Counsel also prepared for trial with Ellis on two occasions.  Id. Furthermore, in a note Ellis gave to counsel, Ellis stated that he did not believe McDaniel's testimony would be damaging.  Id. at 121-22; see also id. at 129.  Counsel stated that he believed McDaniel's testimony was primarily used to establish that Ellis had been driving the car, not that he was intoxicated.  Id. at 121-22. Counsel thought the videotape of Ellis was the more incriminating evidence that Ellis was intoxicated at the time of the accident. Id.  Counsel also stated that Ellis never informed counsel that he should ask McDaniel questions concerning Ellis' injury.  Id. Counsel further stated that he and Ellis made joint decisions with regard to Ellis' defense.  Id.  Ellis did not submit any evidence in the state habeas proceeding to contradict counsel's affidavit.

Based in part on counsel's affidavit, the state habeas court concluded that counsel was not ineffective.  Ex parte Ellis,

---

[5]The "Probable Cause Statement" is a notarized, detailed report prepared by the police officer who arrested Ellis describing the accident that led to Ellis' arrest and the field sobriety tests performed on Ellis.  See Ex parte Ellis, No. WR-07,618-07, at 125.

No. WR-07,618-07, at 165.  Implicit in this conclusion is a finding that trial counsel's affidavit was credible.  See Valdez, 274 F.3d 948 n.11 (indicating that the presumption of correctness also applies to "unarticulated findings [of fact] which are necessary to the state court's conclusions of mixed law and fact").  This finding of fact is thus entitled to a presumption of correctness that may only be rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e).  Ellis has failed to present any evidence to rebut the correctness of the state court's finding of fact. Moreover, in light of the evidence presented in the state habeas proceeding, this finding was not unreasonable.  See 28 U.S.C. § 2254(d)(2).  Furthermore, the state court's conclusion that counsel was not ineffective did not include an unreasonable application of the first prong of the Strickland standard.

Even assuming, arguendo, that trial counsel were found deficient on the above claims, Ellis has not provided any evidence that he was prejudiced by these deficiencies.  Ellis' conclusory statement that he would have testified and contested the testimony of the witness, which would have resulted in a different outcome in the proceedings, is insufficient.  See Schlang, 691 F.2d at 799 (holding conclusory statements to be insufficient to raise constitutional issues in habeas cases); Koch, 907 F.2d at 530 (same).  Also insufficient is Ellis' speculation that cross-examining McDaniel about his knowledge of Ellis' injury may have raised enough doubt for the jury to rule in his favor.  See

-15-

Bradford, 953 F.2d at 1012 (holding that mere speculation is insufficient to satisfy the second prong of Strickland). Furthermore, counsel's statement that the videotape of Ellis performing the field sobriety tests was the strongest evidence of his intoxication further shows the lack of prejudice against Ellis, since the state had stronger evidence on which to convict him. Ex parte Ellis, No. WR-07,618-07, at 122.  Because Ellis has failed to satisfy either prong of Strickland, these claims will be denied.

> 2. 3(c) & 3(f) -- Failure to Request Jury Instruction on Lesser-Included Offense and Failure to Develop Defensive Theory on Lesser-Included Offense

Ellis contends that his counsel was ineffective because he failed to request a jury instruction regarding the lesser-included offense of public intoxication and he failed to properly present the case to the jury or fully develop a defensive theory on public intoxication (Docket Entry No. 1 at 8a-8b, Supp. Memo. 7-8, 12-13).

As Quarterman points out, public intoxication is not a lesser-included offense of driving while intoxicated.  Tex. Penal Code Ann. § 49.02(d) (Vernon 2004) (indicating that a public intoxication offense is not a lesser-included offense of § 49.04--Driving While Intoxicated).  Ellis fails to provide any legal basis under Texas law in which trial counsel could have successfully developed a public intoxication defense, or could have required the trial court to give a jury instruction on it.[6]  Furthermore, counsel's

_____

[6]Ellis' legal citations fail to support his claims.  (See Supp. Memo. at 7-8, 12-13).  Ellis cites Rankin v. State, 974
(continued...)

failure to raise meritless objections is not ineffective assistance of counsel.  <u>Clark v. Collins</u>, 19 F.3d 959, 966 (5th Cir. 1994). Because Ellis fails to provide any legal basis for these ineffective assistance of counsel claims, they will be denied.

   3.   <u>3(d) -- Failure to Request an Evidentiary Hearing</u>

      Ellis contends that his counsel failed to request a hearing on the admissibility of the standardized field sobriety tests ("SFST"), including the horizontal gaze nystagmus ("HGN") test (Docket Entry No. 1 at 8a; Supp. Memo. at 8-10).  Additionally, Ellis contends that the tests were not properly performed and, therefore, were inadmissible as evidence.  <u>Id.</u>  This contention has no merit.

      In counsel's affidavit in response to this claim in Ellis' state habeas proceeding, counsel stated that he did not, and does not, believe that the SFST and HGN tests were inadmissible evidence that could have been suppressed.  <u>Ex parte Ellis</u>, No. WR-07,618-07, at 123.  Indeed, a defendant's performance on the SFST, including the HGN test, is admissible as evidence of intoxication under Texas

---

      [6](...continued)
S.W.2d 707, 709 (Tex. Crim. App. 1996).  This case has no relationship to Ellis' claims, and part of the opinion has been withdrawn.  Ellis also cites <u>Bignall v. State</u>, 887 S.W.2d 21 (Tex. Crim. App. 1994), and <u>Beck v. Alabama</u>, 100 S. Ct. 2382, 2388 (1980).  These cases apply to lesser-included offenses only.  Next, Ellis cites Texas Code Criminal Procedure article 37.09, but this statute is applicable only to lesser-included offenses.  Ellis also cites <u>McDougall v. Lockhart</u>, 942 F.2d 508, 510 (8th Cir. 1991), and <u>Goodman v. State</u>, 66 S.W.3d 283 (Tex. Crim. App. 2001).  However, these cases have no relationship to Ellis' claims.

law.  See Emerson v. State, 880 S.W.2d 759, 768-70 (Tex. Crim. App. 1994) (holding the "technique employed in the HGN test to be a reliable indicator of intoxication," to which a witness may testify so long as they have received a "practitioner certification" by the State of Texas to administer the HGN test).   The officer who administered the SFST and HGN tests on Ellis had practitioner certification.   See Ex parte Ellis, No. WR-07,618-07, at 125. Furthermore, slight variations in the application of the test do not render the test inadmissible, but may affect the weight the evidence should be given by the jury.  McRae v. State, 152 S.W.3d 739, 743 (Tex. App. -- Houston [1st Dist.] 2004, no pet.).  Counsel stated, and the record supports, that he asserted the weight of the evidence argument at trial.   See Ex parte Ellis, No. WR-07,618-07, at 123; (3 R.R. 57-59).  Because a motion to suppress the evidence would have been meritless, counsel was not ineffective for failing to raise it.  See Clark, 19 F.3d at 966.  Accordingly, this claim is without merit and, therefore, will be denied.

## 4.   3(e) -- Failure to Assist During Critical Stage

Ellis claims that his counsel provided ineffective assistance by failing to provide assistance in preparing and pursuing a motion for new trial  (Docket Entry No. 1 at 8a; Supp. Memo. at 10-12).

Ellis' allegation that he was denied counsel at a "critical stage" does not support a claim for relief because neither the Supreme Court nor the Fifth Circuit have determined that a

defendant has a right under the Sixth Amendment to counsel during the post-conviction, pre-appeal stage.   <u>Graves v. Cockrell</u>, 351 F.3d 143, 155 (5th Cir. 2003) (explaining that neither the Fifth Circuit nor the Supreme Court have addressed whether the "right to counsel attaches on a motion for new trial"); <u>see also</u> <u>McAfee v. Quarterman</u>, No. G-07-0361, 2008 WL 4415225, at *12 (S.D. Tex. 2008) ("The Supreme Court has not addressed the issue of whether there is a right to counsel on a motion for new trial.  Accordingly, there is no clearly established federal law on this issue upon which this court may determine whether the state court decision involved an unreasonable application of clearly established federal law.") (citing <u>Reed v. Quarterman</u>, 504 F.3d 465, 486-87 (5th Cir. 2007)). Since there is no existing precedent on this issue, there is no clearly established federal law on which a court's application could be found to be unreasonable.  <u>See</u> 28 U.S.C. § 2254(d)(1).

Moreover, Ellis' claim is barred by <u>Teague v. Lane</u>, 109 S. Ct. 1060, 1078 (1989), which held that "habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure" unless one of two exceptions, not applicable in this case, applies. Additionally, even assuming that this claim were not barred by <u>Teague</u>, Ellis has failed to show how he was prejudiced by counsel's failure to assist him in preparing a motion for a new trial.  Ellis has not articulated any argument that he could have made that would have entitled him to a new trial.  Therefore, Ellis' claim must be denied.

5.   <u>3(q) -- Failure to Object to Erroneous Jury Instruction</u>

Ellis contends that his trial counsel was ineffective because counsel failed to object to an erroneous jury instruction stating that the jury "may consider the defendant's refusal to submit to a breath test as evidence in this case" (Docket Entry No. 1 at 8b; Supp. Memo. at 13-16). Specifically, Ellis contends that the jury instruction was an improper comment on the weight of the evidence, citing <u>Hess v. State</u>, 224 S.W.3d 511, 515 (Tex. App. -- Fort Worth 2007, pet. ref'd) (holding such an instruction to be an improper comment on the weight of evidence). <u>Id.</u>

Importantly, however, trial counsel's performance must be measured against the law as it existed at the time of the alleged deficient conduct. <u>Lave v. Dretke</u>, 416 F.3d 372, 379-80 (5th Cir. 2005). Furthermore, counsel will not be found to be ineffective when the claimed error is based on unsettled law. <u>Ex parte Welch</u>, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998).

At the time of Ellis' trial in September of 2005 no Texas appellate court had held such an instruction to be an improper comment on the weight of the evidence.[7] Moreover, case law remains

---

[7]It appears that the first decision to hold such an instruction to be an improper comment on the weight of the evidence is <u>Hess v. State</u>, 224 S.W.3d 511, 514-515 (Tex. App. -- Fort Worth 2007, pet. ref'd). Furthermore, the court in <u>Hess</u> noted that past decisions have held such an instruction to <u>not</u> be an improper comment on the weight of the evidence. <u>Id.</u>

-20-

in dispute as to whether such a jury instruction is an improper comment on the weight of the evidence.[8]

Since, at the time of Ellis' trial in 2005 it was not clear under Texas law that the jury instruction was improper, counsel was not ineffective for failing to object to it.  See Ex parte Welch, 981 S.W.2d at 814.  Accordingly, this claim will be denied.

## C.   Claim (4) -- Ineffective Assistance of Appellate Counsel

Ellis argues that he received ineffective assistance from his appellate counsel because counsel (a) failed to challenge the sufficiency of the evidence and (b) failed to raise trial counsel's ineffectiveness with respect to a motion for new trial.

When a federal court reviews the effectiveness of appellate counsel it applies the same standard as applied to trial counsel. Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985) (citing Strickland, 104 S. Ct. at 2064).  To prove prejudice a petitioner must show that but for counsel's deficient performance, "he would have prevailed on appeal." Smith v. Robbins, 120 S. Ct. 746, 764

---

[8]See Hess v. State, 224 S.W.3d 511, 515 (Tex. App. -- Fort Worth 2007, pet. ref'd) (holding such an instruction to be an improper comment on the weight of evidence); contra, Smith v. State, No. 13-05-003-CR, 2006 WL 2327365 (Tex. App. -- Corpus Christi Aug. 10, 2006, no pet.) (mem. op.) (not designated for publication) (holding that such an instruction was not improper); Segura v. State, No. 04-05-320-CR, 2006 WL 1748438 (Tex. App. -- San Antonio June 28, 2006, no pet.) (mem. op.) (not designated for publication) (same); and Belle v. State, No. 14-05-1111-CR, 2006 WL 2074662 (Tex. App. -- Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.) (not designated for publication) (same).

(2000).   The  role  of  the  advocate  "requires  that [appellate

counsel] support his client's appeal to the best of his ability.

Jones v. Barnes, 103 S. Ct. 3308, 3314 (1983) (quoting Anders v.

California, 87 S. Ct. 1396, 1400 (1967)).   However, an attorney is

not  required  to  raise  every  non-frivolous  issue  on  appeal  if

counsel, as a matter of professional judgment, decides not to raise

certain points.   Barnes, 103 S. Ct. at 3313.

    1.    4(a)  --  Failed  to  Challenge  the  Sufficiency  of  the
              Evidence

    Ellis argues that his appellate attorney was ineffective for

failing to raise an insufficiency of the evidence claim on appeal

(Docket Entry No. 1 at 8b; Supp. Memo. at 16-18).

> [T]he critical inquiry on review of the sufficiency of
> the evidence to support a criminal conviction . . . [is]
> to determine whether the record evidence could reasonably
> support a finding of guilt beyond a reasonable doubt
> . . . . [T]he relevant question is whether, after viewing
> the evidence in the light most favorable to the
> prosecution, any rational trier of fact could have found
> the essential elements of the crime beyond a reasonable
> doubt.

Jackson v. Virginia, 99 S. Ct. 2781, 2788 (1979) (emphasis in

original); see also Monero v. State, 755 S.W.2d 866, 867 (Tex.

Crim. App. 1988) (holding that Jackson is the "proper standard of

review" for sufficiency of the evidence claims on appeal).   The

court must refer to the substantive elements of the criminal

offense as defined by state law to assess the sufficiency of the

evidence.   Jackson, 99 S. Ct. at 2791 n.16.   All credibility

choices and conflicting inferences are to be resolved in favor of the verdict.  <u>Moreno</u>, 755 S.W.2d at 867.

To prove Ellis was guilty of Driving While Intoxicated—[3rd or more], the state had to prove that (1) Ellis was intoxicated, (2) Ellis operated a motor vehicle in a public place, and (3) Ellis had been convicted, within the past ten years, of two or more prior DWIs.  Tex. Penal Code Ann. §§ 49.04, 49.09 (Vernon 2004).

The evidence used to prove the first element included:

1.    McDaniel's testimony that Ellis: (a) appeared intoxicated, (b) had beer in the car, (c) stumbled when he walked, and (d) was holding a 40-ounce beer when he exited the car (2 R.R. 123, 127);

2.    Officer Curtis' testimony that (a) Ellis' breath had a strong alcoholic smell, (b) Ellis admitted that he had been drinking, (c) Ellis showed all six signs of the HGN test, (d) Ellis failed the "walk and turn," and one-leg stand tests, and (e) Ellis refused both a breath test and a blood test to test his blood alcohol level (2 R.R. 136, 143-50, 152, 154);

3.    The videotape of Ellis performing the field sobriety tests (2 R.R. 154-58); and

4.    Officer Mahoney's testimony that (a) Ellis' breath smelled of alcohol, his eyes were heavy, his walk was sluggish, and his speech was very slurred; (b) Ellis had difficulty keeping his head steady during the HGN test; (c) during the "walk and turn" test, Ellis stepped off the line, made an improper turn, and had trouble keeping his balance; (d) Ellis was unable to stand on one leg when performing the one-leg stand test; and (e) Ellis fell asleep in the patrol car while waiting to be taken to the police station (3 R.R. 11, 15-17, 19).

The evidence used to prove the second element included McDaniel's testimony that Ellis was driving down Martin Luther King

Street when he struck McDaniel's vehicle (2 R.R. 122-27). The evidence used to prove the third element included (1) Ellis' admission to two prior DWI convictions and (2) Detective Anthony Kunkle's testimony that the fingerprints of the individual who committed those DWIs matched Ellis' fingerprints (2 R.R. 116; 3 R.R. 74-75).

Because of the weight of the evidence against Ellis, counsel's assertion of insufficient evidence would have been a frivolous issue on appeal. See Barnes, 103 S. Ct. at 3313. Furthermore, Ellis has failed to prove that had counsel argued insufficient evidence on appeal, Ellis would have prevailed. See Smith, 120 S. Ct. at 764. Accordingly, this claim must be denied.

2.   4(b) -- Failed to Raise Trial Counsel's Ineffectiveness

Ellis argues that his appellate attorney was ineffective for failing to raise an ineffective assistance of trial counsel argument on appeal (Docket Entry No. 1 at 8b; Supp. Memo. at 16-18). Specifically, he contends that his appellate counsel should have argued that Ellis was denied effective assistance of counsel at a critical stage; namely, that his trial counsel failed to pursue and prepare a motion for new trial. Id.

Claims regarding ineffective assistance of counsel are generally not considered on direct appeal in Texas courts. See Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Appellate courts usually cannot determine a claim of ineffective

-24-

assistance of counsel because in most cases there is no record to support the claim.  Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003).  In such cases the proper procedure is to present the claim in a state habeas application.  Id.

Furthermore, Ellis fails to articulate any issues that would have warranted the granting of a new trial.  Therefore, Ellis has failed to show how he was prejudiced by his trial counsel's failure to assist him in preparing a motion for a new trial and, thus, has failed to show that asserting an ineffective assistance of trial counsel argument on appeal would have been successful.  See Smith, 120 S. Ct. at 764.

Accordingly, Ellis has not shown that the state court's rejection of the ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of, constitutional law as clearly established by the Supreme Court.  Nor was the decision an unreasonable determination of the facts.  Therefore, this claim will be denied.

**D.   Motion for an Evidentiary Hearing**

Ellis has requested an evidentiary hearing (Docket Entry No. 15).  The AEDPA governs the granting of an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  Ellis' claims do not rely on a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), or on a "factual predicate that could not have been discovered previously

through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Similarly, Ellis has not shown clear and convincing evidence of a constitutional error. <u>See</u> 28 U.S.C. § 2254(e)(2)(B). Therefore, Ellis' motion for an evidentiary hearing will be denied.

## IV.   <u>Certificate of Appealability</u>

Although Ellis has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA <u>sua sponte</u>. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Ellis must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004). To make such a showing Ellis must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. <u>Tennard</u>, 124 S. Ct. at 2569. For the reasons stated in this Memorandum Opinion and Order, Ellis has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will not issue in this case.

## V.   <u>Conclusion and Order</u>

The court **ORDERS** the following:

1.    Ellis' Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

-26-

2.    Ellis' Motion for Evidentiary Hearing (Docket Entry
      No. 15) is **DENIED**.

3.    Respondent Quarterman's Motion for Summary Judgment
      (Docket Entry No. 16) is **GRANTED**.

4.    A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 30th day of June, 2009.

                                    _____
                                          SIM LAKE
                              UNITED STATES DISTRICT JUDGE